[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the Statement of Compensation made by the defendant in conjunction with his total condemnation, pursuant to statute, of the plaintiff's property located at 1201-1221 Dixwell Avenue at its intersection with Putnam Avenue in the Town of Hamden. The property is generally rectangular shaped and bounded 185 feet by Dixwell Avenue on the West and 153 feet by Putnam Avenue on the South. It contains 29,226 square feet or .67 acres. The property was purchased by Mr. Diana in 1978 and immediately transferred by him to the North Haven Realty, Inc. whose stock is entirely owned by him.
The property was at one time, in part, occupied by the Strand Theater but that building was extensively damaged by a hurricane in 1989 necessitating its demolition. No building was ever erected on its site. The remainder of the property is occupied by a two-story building and a small one-story building containing a total of about 10,900 square feet of rental space. There is also a small parking area.
The smaller building is boarded up, vacant and closed. The CT Page 6145 second floor of the larger building contains two, five-room apartments which have been vacant for many years and were declared unsafe for occupancy by the Town of Hamden in 1982. The first floor contains a Bar and a Subway Sandwich Shop. Both tenants have refused to pay rent for nearly a year because of lack of plumbing and other improvement failures.
The property was the subject of two foreclosures actions which terminated when title vested in the State of Connecticut.
The holders of a mortgage on the property have obtained permission from the court to intervene as a plaintiffs in this appeal. No pleading has been filed by the intervenors and they have participated fully in the trial, without objection, as if they had adopted the plaintiff's complaint.
Dixwell Avenue is a primary commercial corridor, state maintained, in the Town of Hamden. Putnam Avenue directly connects Dixwell Avenue with Whitney Avenue, also a primary commercial corridor in the Town of Hamden. The average daily traffic count (1990) on Dixwell Avenue at Putnam avenue is 30,600 vehicles. Pictures #1, p. 6 and picture #7, p. 9 of Defendant's Exhibit B help to convey more clearly the degree of the impact that the location of the plaintiff's property has on its value.
Both the cost approach and the income capitalization approach, at least in its standard context, to valuation have been deemed by the appraisers for the state and the intervenor to be inappropriate in the circumstances of the situation presented. The appraiser for the owner attempted to use the income approach but in the court's view its basis was pure speculation. The Sales Comparison approach was used by all appraisers. Mr. Diana himself testified that when a state official told him about a year ago that the state wanted to appraise his property, he had advised the official that the "Value is in the land — he has no problem about that." Diana has experience in a number of areas in the real estate field.
The court is familiar with the intersection of Dixwell and Putnam Avenues in the Town of Hamden. In addition, the court has viewed the property.
The duty of the court with respect to an owner whose property is taken for public use is to make its best effort to make certain that he is awarded just compensation. The usual measure of just compensation is the fair market value of the property or the price CT Page 6146 that would probably result from fair negotiations between a willing seller and a willing buyer, taking into account all the factors, including the highest and best use or most advantageous use, weighing and evaluating the circumstances, the evidence, the opinions expressed by the witnesses. Put in another way, the rule is that the trier must take into consideration everything by which value is legitimately affected including those factors which a willing buyer and a willing seller would consider in fairly and advantageously negotiating an agreement. Wronowski v.Redevelopment Agency, 180 Conn. 579, 585; D'Addario v. Commissionerof Transportation, 180 Conn. 355, 365.
All appraisers agree that the highest and best use of the property is some form of commercial use. All appraisers agree that the structures presently on the property should be demolished, that the value of the property is in the land and that value should be a net figure after deducting demolition expenses.
All three appraisers have displayed a knowledge of their subject. Each of their reports, of course, reflects the approach to the problem and the judgment exercised by the writer in selecting sales that he believes to be comparable. After listening to the testimony and reading and digesting the reports, the court has reached certain conclusions.
The testimony and report of the intervenor's appraiser reveals that, of the four comparables on which he bases his conclusion, three were located in Hamden. His fourth comparable was also selected by the appraisers for the plaintiff and defendant. None of the defendant appraiser's comparables are located in Hamden.
Furthermore, of the three Hamden comparables of the intervenor's appraiser, two are located on primary commercial corridors; one is located on Dixwell Avenue and the other is located on Whitney Avenue. His third Hamden comparable is located between the Wilbur Cross Parkway and Interstate 91 and is 1/4 mile from the town's central business district. Other factors make these properties legitimate comparables and germane.
With such comparables available, this court cannot ignore their impact. When that impact is coupled with the court's own knowledge gained from its viewing of the property and its location, the court has no hesitancy in reaching the following conclusions.
The court finds that the plaintiff is aggrieved by the CT Page 6147 statement of Compensation filed by the defendant and said statement of compensation is revised to $272,000.
The court finds that the fee charged by the plaintiff's appraiser for all services in the amount of $1,500 is reasonable and may be taxed as such.
Interest on the compensation awarded by this court in excess of the sum deposited by the defendant on January 31, 1995 may run from that date at the rate of 10%.
The court directs that the additional compensation ordered be deposited with the clerk of this court for the further orders of the court.
Harold M. Mulvey State Trial Referee